IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES E. RASH,

Plaintiff,

v.
Civil Action No. 3:08cv54
(Judge Bailey)

CHARLES TOWN RACES,
PENN NATIONAL GAMING, INC.,

Defendants.

## OPINION/REPORT AND RECOMMENDATION

On March 10, 2008, the plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983

and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395

(1971), alleging, *inter alia*, claims of slander, wrongful termination, breach of contract, fraudulent

misrepresentation, unspecified due process violations and unspecified violations of state law. As

a result of the defendants actions, the plaintiff asserts that he lost his horse racing business. Thus,

the plaintiff seeks $5,000,000 in compensatory damages and $5,000,000 in punitive damages.

### I. Standard of Review

On April 11, 2008, the plaintiff, a *pro se* federal prisoner, was granted permission to proceed

as a pauper. The plaintiff paid an initial partial filing fee on August 11, 2008. Therefore, this case

is before the undersigned for a preliminary review and report and recommendation pursuant to LR

PL P 83.01, et seq., and 28 U.S.C.§ 1915(e).

Because the plaintiff is a prisoner proceeding *in forma pauperis*, pursuant to 28 U.S.C. §

1915(e), the Court is required to perform a judicial review of the complaint and must dismiss this

case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II. **Analysis**

### A. **Claims Under § 1983**

Title 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Thus, in order to state a successful claim under § 1983, the plaintiff must demonstrate that

---

[1] Id. at 327.

2

a person acting under color of state law deprived him of a right guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 457 U.S. 830, 838 (1982). Here, the plaintiff cannot establish that the defendants are either "persons" for purposes of § 1983, or that they are state actors. Accordingly, the plaintiff fails to state a claim under § 1983.

## B. **Plaintiffs' Bivens Claims**

In Bivens, supra, the United States Supreme Court created a counterpart to § 1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the United States Constitution or federal law. It follows then, that like a successful § 1983 claim, a plaintiff who asserts a claim under Bivens, must demonstrate that a person acting under color of federal law deprived him of a right guaranteed by the Constitution or federal laws. Here, however, as with his § 1983 claims, the plaintiff cannot establish that the defendants are either "persons" under Bivens, or that they are federal actors. Accordingly, the plaintiff fails to state a claim under Bivens.

## III. **Recommendation**

Because the plaintiff fails to state a claim for which relief can be granted under either 42 U.S.C. § 1983 or Bivens, and provides no other basis upon which this Court can exercise jurisdiction over his claims, the undersigned recommends that the plaintiff's civil rights complaint (dckt. 1) be **DENIED** and **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e).

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely

file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: September ___8___, 2008.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE