# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CHARLES E. RASH,**

    **Plaintiff,**

v.                                                                            **Civil Action No.    3:08CV54**
                                                                               **(BAILEY)**

**CHARLES TOWN RACES and**
**PENN NATIONAL GAMING, INC.,**

    **Defendants.**

## ORDER ADOPTING FINDINGS OF REPORT AND RECOMMENDATION, GRANTING MOTION TO AMEND, AND DISMISSING AMENDED COMPLAINT WITH PREJUDICE

**I.**     Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull [Doc. 22], plaintiff's corresponding objections [Doc. 29], and Plaintiff's Motion to Amend [Doc. 28]. Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. However, failure to file objections permits the district court to exercise review under the standards believed to be appropriate, and under these circumstances, the parties' right to *de novo* review is waived. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the plaintiff objected. The remaining portions of the report and recommendation will be reviewed for clear error.

II. <u>Factual and Procedural History</u>

The relevant factual and procedural history regarding plaintiff's claims are as follows. On March 10, 2008, the plaintiff initiated this matter by filing a civil rights action against the named defendants under to 42 U.S.C. § 1983 and ***Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics***, 403 U.S. 388 (1971). Pursuant to LR PL P 83.01, *et seq.*, and 28 U.S.C. § 1915(e), this case was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation. As indicated in the Complaint, plaintiff alleges claims of slander, wrongful termination, breach of contract, fraudulent misrepresentation, unspecified due process violations, and unspecified violations of state law resulting in the loss of his horse racing business.

On April 11, 2008, the *pro se* plaintiff, a federal inmate currently confined at FCC Petersburg, sought and received permission to proceed *in forma pauperis* [Doc. 9]. Subsequently, upon review, the Magistrate Judge issued his Report and Recommendation [Doc. 22] finding the plaintiff's § 1983 and ***Bivens*** claims to be frivolous and facially deficient. More specifically, the Magistrate Judge found that neither defendant was a proper party to an action brought under § 1983 or ***Bivens***. As such, the Magistrate Judge recommended that the Complaint [Doc. 1] be dismissed without prejudice.

Following the filing of the Report and Recommendation, the plaintiff filed his Motion to Amend [Doc. 28], Memorandum in Support, [Doc. 28-2], and Proposed Amended Complaint [Doc. 28-3]. As indicated in the filings, the plaintiff seeks permission to amend his Complaint in order to establish federal jurisdiction based on diversity of citizenship

pursuant to 28 U.S.C. § 1332. According to plaintiff, complete diversity exists because he is a Virginia citizen and the defendants are citizens of West Virginia. Moreover, in his Objections to the Report and Recommendation of the Magistrate Judge [Doc. 29], the plaintiff concedes that "the Court was correct in conslucing [sic] that he did not state a claim pursuant to 42 U.S.C. § 1983 or **Bivens**." [Doc. 29, p. 2]. However, the plaintiff alleges that the Proposed Amended Complaint [Doc. 28-3] establishes a proper basis for jurisdiction.

III.  Controlling Law

As properly noted by the Magistrate Judge, due to plaintiff's *in forma pauperis* status, 28 U.S.C. § 1915(e)(2) requires this Court to "dismiss the case at any time if the court determines that . . . (B) the action or appeal–(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Moreover, the law is well-settled that a complaint is frivolous if it is without arguable merit either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989). However, frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, or when the claims rely on factual allegations that are "clearly baseless." **Denton v. Hernandez**, 504 U.S. 25, 32 (1992).

In order to prevail on a claim brought under 42 U.S.C. § 1983, the plaintiff must show that a person acting under color of state law deprived him of a right guaranteed by the Constitution or federal law. **Rendall-Barker v. Kohn**, 457 U.S. 830, 838 (1982). Similarly, in order to raise a **Bivens** claim, the plaintiff must show that the defendants are federal officers acting under the color of federal law. **Bivens**, 403 U.S. at 389. Further, in regard to Plaintiff's Motion to Amend [Doc. 28], Fed. R. Civ. P. 15(a)(1) provides that "[a]

party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1).

IV. Discussion

As noted above, the plaintiff in his Objections to the Report and Recommendation concedes that "he did not state a claim pursuant to 42 U.S.C. § 1983 or *Bivens*." [Doc. 29, p. 2]. As such, the Court **ORDERS** that the **Report and Recommendation [Doc. 22] be ADOPTED to the extent of the findings contained therein**. However, in so finding plaintiff's § 1983 and *Bivens* claims to be frivolous and facially deficient under 28 U.S.C. §§ 1915(e)(2)(i)-(ii), this Court declines to accept the recommendation of the Magistrate Judge to dismiss plaintiff's claims without prejudice. Rather, the Court **ORDERS** that plaintiff's § 1983 and *Bivens* claims should be, and are, **DISMISSED WITH PREJUDICE**.

Turning next to Plaintiff's Motion to Amend [Doc. 28], it is the finding of the Court that plaintiff's motion should be granted. As noted above, Fed. R. Civ. P. 15(a)(1) allows for amendment as a matter of course prior to the filing of a response pleading. To date, there has yet to be a responsive pleading filed in this matter. As such, the Court **ORDERS** that **Plaintiff's Motion to Amend [Doc. 28]** is **GRANTED**, and the Court will consider Plaintiff's Proposed Amended Complaint [Doc. 28-3] as the Plaintiff's Amended Complaint for the purposes of this Order.

Irrespective of the foregoing amendment, dismissal of this action is necessitated by 28 U.S.C. § 1915(e)(2)(i). As noted above, frivolity dismissals under § 1915(e)(2)(i) should only be ordered when the legal theories are "indisputably meritless," *Neitzke* at 327, or when the claims rely on factual allegations that are "clearly baseless." *Denton*, 504 U.S.

at 32. As indicated in plaintiff's Amended Complaint [Doc. 28-3], he is a citizen of Virginia. However, this factual allegation is clearly baseless and, as such, necessitates dismissal of this action. The Court notes that "[w]hen considering diversity for jurisdictional purposes, a prisoner's domicile is presumed to be where he was domiciled prior to incarceration." ***Schuch v. Cipriani***, 2006 WL 1651023 (N.D. W. Va. June 13, 2006) (citing ***Palokoff v. Henderson***, 370 F. Supp. 690, 693 (N.D. Ga. 1973)).

Moreover, the Court notes that the allegations of plaintiff's Amended Complaint [Doc.28-3] are virtually identical to those contained in his Complaint in Civil Action 3:06CV5 against defendant Charles Town Races and Penn National Gaming, Inc., which this Court dismissed due to a lack of diversity of citizenship. There, this Court found that plaintiff's subsequent incarceration in Maryland did not change his West Virginia citizenship for the purposes of diversity because plaintiff's presence in Maryland was not a voluntary act. [Civ. Act. No. 3:06CV5, Doc. 71]. Similarly, because plaintiff's presence in the Virginia is not a voluntary act, it does not change his West Virginia citizenship for the purposes of diversity. As such, the Court finds any contrary contention in **Plaintiff's Amended Complaint [Doc. 28-3]** to be factually baseless and, therefore, **ORDERS** the same to be **DISMISSED WITH PREJUDICE**.

V. Conclusion

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. That the **Report and Recommendation [Doc. 22] be ADOPTED to the extent of the findings contained therein**;

2. That plaintiff's § 1983 and ***Bivens*** claims as contained in the Complaint [Doc.

1] are **DISMISSED WITH PREJUDICE**;

3. That **Plaintiff's Motion to Amend [Doc. 28]** is **GRANTED**;

4. That **Plaintiff's Amended Complaint [Doc. 28-3] is DISMISSED WITH PREJUDICE**; and

5. That this case be **DISMISSED WITH PREJUDICE** and **RETIRED** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* plaintiff.

Dated: November 12, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE